UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In re:<br><br>RANDALL ERIC LADUE,<br><br>Debtor. | Case No. 25-00875-BRW<br><br>Chapter 7 |
|---|---|

MEMORANDUM OF DECISION

**Appearances:**

Randall Eric LaDue, Chapter 7 Debtor, pro se

James Justin May, Johnson May, Boise, Idaho, Attorney for the Chapter 7 Trustee Timothy R. Kurtz

## I. INTRODUCTION

Before the Court is an "Amended Omnibus Motion" (Doc. No. 34) (the "Omnibus Motion") filed by Randall Eric LaDue (the "Debtor") and an "Application to Employ Riley Wilcox of Guardian Group Real Estate as Realtor" (Doc. No. 29) (the "Application") filed by the Chapter 7 Trustee Timothy R. Kurtz (the "Trustee").

The Court held a telephonic hearing on the Omnibus Motion and the Application on February 11, 2026, at which the Debtor appeared pro se and the Trustee appeared through counsel. Certain requests within the Omnibus Motion were orally withdrawn by the Debtor during the hearing. At the conclusion of the hearing, the Court took the remaining issues within the Omnibus Motion and the Application under advisement and now issues this Memorandum of Decision. Rules 9014 and 7052.[1] For the reasons and analysis that follow, the Omnibus Motion is denied, and the Application is granted.

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all citations to a "Rule" are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

## II. JURISDICTION, AUTHORITY, AND VENUE

This Court has subject matter jurisdiction over this proceeding as referred to it by the district court pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a "core" proceeding and is within this Court's constitutional authority to adjudicate via final judgment or order. 28 U.S.C. § 157(b)(2)(A) and (O). Finally, venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. PROCEDURAL HISTORY AND FILINGS IN THE BANKRUPTCY CASE

This chapter 7 case was filed by the Debtor pro se on October 27, 2025, as a skeletal petition. Doc. No. 1. The Debtor sought and obtained a waiver of the filing fee in the case upon representation that he made $0 in monthly net income. *See* Doc. No. 3 (Application to Have the Chapter 7 Filing Fee Waived); *and* Doc. No. 24 (Order Granting Application to Waive Chapter Filing Fee). The Debtor also sought and obtained an extension of time to file required documents in the case. *See* Doc. No. 17 (Motion for Extension of Time to File Required Documents); *and* Doc. No. 18 (Order Granting Motion to Extend Deadline to File Schedules or Provide Required Information).

Consistent with the Court's extension deadline, the Debtor filed his Schedules and other documents on November 24, 2025. *See, e.g.*, Doc. No. 20 (Schedules and other required documents). On December 4, 2025, the Trustee filed a Notice of Assets in the case alerting creditors to file proofs of claim. Doc. No. 26.

On December 10, 2026, the Trustee filed the Application. Doc. No. 29. The Application indicated that the Trustee intended to market and sell, with the assistance of the proposed realtor, Riley Wilcox of Guardian Group Real Estate, LLC (the "Realtor"), real property commonly known as 1453 N. Laconia Ave., Eagle, Idaho 83616 (the "Property"). The Application seeks to

MEMORANDUM OF DECISION - 2

employ the Realtor pursuant to § 327, and the Realtor claims therein that he is a "disinterested person," pursuant to the definition of that term at § 101(14).

On January 2, 2026, the Debtor filed two motions along with exhibits (the "Original Motions"). Doc. No. 31. Within the Original Motion, the Debtor included a "Motion to Determine Secured Status & Avoid Penalty Liens," and a "Motion to Compel Abandonment & for Injunctive Relief (Halt RE Agent)." *Id.* The Original Motions clearly state an objection to the Application, among other things. *See, e.g.*, Doc. No. 31 at 13 (requesting that the Court enter an order "halting the engagement of a real estate agent").

On January 5, 2026, the Debtor filed an "Emergency Motion for Extension of Time Pursuant to Fed. R. Bankr. P. 9006(b)(1) and for Leave to Amend Pleadings" (the "Emergency Motion"). Doc. No. 32. The Emergency Motion seeks additional time to file an objection to the Application and seeks leave of the Court to file amended motions to the Original Motions. *Id.*

On January 8, 2026, the Debtor filed the Omnibus Motion, which includes multiple exhibits and attachments. Doc. No. 34. The Omnibus Motion included the relief previously sought in the Original Motions and the Emergency Motion, along with several new requests for relief. *Id.*

On January 15, 2026, the Court entered an Order Denying as Unnecessary the Emergency Motion. Doc. No. 39. Within this order, the Court held that an extension to object to the Application and for leave to file amended motions, as requested by the Debtor in the Emergency Motion, was unnecessary because the Original Motions clearly stated a timely objection to the Application, and because the Debtor had already filed the Omnibus Motion, which amended the Original Motions. *Id.* Within the order, the Court stated that the Emergency Motion would not be heard at the hearing on February 11, 2026. *Id.* The Court further stated that the Application

MEMORANDUM OF DECISION - 3

would be considered by the Court at the February 11, 2026 hearing due to the Debtor's objection. *Id.*

On January 20, 2026, the Trustee moved to employ counsel in this case to represent him. Doc. No. 42.  The Trustee then objected to the Omnibus Motion on January 26, 2026 (the "Objection").  Doc. No. 52.

The Omnibus Motion includes motions and several requests:

1. "Amended Motion to Determine Secured Status & Avoid Penalty Liens"[2]

2. "Amended Motion to Compel Abandonment & For Injunctive Relief (Stay of Realtor Employment)"

3. "Removal of Trustee for Cause (11 U.S.C. § 324)"

4. "Finding of Negligence and Breach of Fiduciary Duty"

5. "Protective Order Staying Rule 2004 Examination and Property Sale"

6. "Compulsion of Zoom Usage Reports"

*See* Doc. No. 34.

In addition, the day before the hearing on these matters, the Debtor filed a "Notice of Filing Supplemental Exhibits for Hearing on Feb. 11, 2026."  Doc. No. 65.  This supplement includes a Declaration of Seryna LaDue, who is the Debtor's ex-spouse, as well as additional

---

[2] As detailed below, this motion within the Omnibus Motion was orally withdrawn by the Debtor. However, the Debtor indicated that this motion or a similar one may be pursued by him at a later date. The Court would direct the Debtor's attention to *DeMarah v. United States of Am. (In re DeMarah)*, 62 F.3d 1248, 1252 (9th Cir. 1995) and *Hutchinson v. United States of Am. (In re Hutchinson)*, 15 F.4th 1229, 1235 (9th Cir. 2021).  Both of these binding Ninth Circuit cases expressly hold that debtors "lack 'the right to remove tax liens from their otherwise exempt property.'"  *In re Hutchinson*, 15 F.4th at 1235 (quoting *In re DeMarah*, 62 F.3d at 1252).  Moreover, as to the Debtor's request to determine secured status of one of the alleged "tax liens" on the Property, the Idaho State Tax Commission has since filed a proof of claim in this case asserting that it does not have a lien and instead has an unsecured claim.  *See* Proof of Claim No. 3-1. As to the other alleged "tax lien" held by the IRS, no proof of claim has been filed at this time.

MEMORANDUM OF DECISION - 4

exhibits. *Id.* Ms. LaDue objects to the sale of the Property, which she states she co-owns with the Debtor, and claims that she did not receive notice of the Application from the Trustee. *Id.* The Debtor also claimed during the hearing on these matters to have not received notice of the Application from the Trustee. Also attached to the supplement is a comparative market analysis of the Property. *Id.*

During the hearing held on February 11, 2026, the Debtor orally withdrew the "Amended Motion to Determine Secured Status & Avoid Penalty Liens," as well as the request of "Compulsion of Zoom Usage Reports." The Debtor reserved, and the Court acknowledged, the right to bring these matters before the Court later if he determines it appropriate.

The Court has reviewed and considered all the various documents filed in this case, some of which are discussed above, and has reviewed and considered the arguments of the parties in the various filings in the case and as made on the record during the hearing on these matters.

## IV.  APPLICABLE LAW AND ANALYSIS

### A. Evidentiary Hearing Requirement

The determination whether to hold an evidentiary hearing is within the bankruptcy court's discretion. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 946 (9th Cir. 2007). If there is an adequate factual basis for the bankruptcy court's decision, an evidentiary hearing is unnecessary. *Id.*

In this case, the Court, in the exercise of its discretion, declines to hold an evidentiary hearing given the status of the chapter 7 case and the facts and arguments presented to the Court related to the Omnibus Motion and the Application. At this early stage of the case and based on the allegations in the Omnibus Motion and the various documents submitted by the Debtor in support, and as stated in the Application, the Court concludes that additional evidence or

MEMORANDUM OF DECISION - 5

testimony is not necessary. Moreover, the Court concludes that, again at this stage, the relief requested by the parties in the Omnibus Motion and the Application are legal issues that may be resolved without a further developed evidentiary record.

**B. The Omnibus Motion**

As stated, the Omnibus Motion includes multiple requests for relief. For clarity, the Court will address the issues as the Debtor presented them, omitting the motion and request that were withdrawn by the Debtor during the hearing on February 11, 2026.

1. <u>Amended Motion to Compel Abandonment and for Injunctive Relief (Stay of Realtor Employment)</u>

    a. <u>The Debtor's Arguments</u>

The Debtor requests that the Court order abandonment of the Property from the bankruptcy estate and for injunctive relief under § 105(a) to stay the Realtor's employment and other actions in the case. Generally, the Debtor argues that the Property is not valuable enough to have equity available to the bankruptcy estate after considering the liens and other expenses that would be paid in the event of a sale. Based on the Debtor's math, the Property should be abandoned because it has no value for the bankruptcy estate.

Moreover, the Debtor argues that the Realtor should not be employed by the Trustee because there is no equity in the Property and because of how quickly the Realtor was identified by the Trustee. The Debtor points out, for instance, that before the Realtor was engaged the Trustee referred to the Realtor as "my realtor." The Debtor further argued at the hearing that the Realtor was not "disinterested" as required under § 327 and the applicable Rules. Based on these things, the Debtor objects to the engagement of the Realtor as requested in the Application and seeks further an injunction staying the actions of the Realtor to proceed in evaluating, and possibly, listing, marketing, and selling the Property.

MEMORANDUM OF DECISION - 6

b. Law Related to the Motion to Compel Abandonment

Section 554 governs the abandonment of property of the estate. "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." § 554(b). Courts have determined that compelling abandonment should be the exception, rather than the rule. *In re Garcia*, 521 B.R.680, 684 (Bankr. D. Idaho 2014). "Absent an attempt by the trustee to churn property worthless to the estate just to increase fees, abandonment should rarely be ordered." *Vu v. Kendall (In re Vu)*, 245 B.R. 644, 647 (9th Cir. BAP 2000) (citations and quotation marks omitted).

While the Code does not define what is "burdensome," of "inconsequential value," or of "inconsequential benefit" to the estate, it is a "factual determination about whether there is any 'potential value' the estate may derive from administration of the property." *In re Garcia*, 521 B.R. at 686 (citing *Yack v. Dacquisto (In re Yack)*, 2009 WL 7751419, at *7 (9th Cir. BAP Feb. 18, 2009)). The party requesting abandonment has the burden of proof and the party opposing abandonment must demonstrate some likely benefit to the estate. 5 COLLIER ON BANKRUPTCY ¶ 554.02[4] (Richard Levin & Henry J. Sommer eds., 16th ed.). Where a trustee "has not had sufficient time to investigate possible assets of the estate," a request for abandonment may be considered premature. *Id*.

c. Application of Law to this Case

Based on the present status of this case, and under the applicable law, the Court denies the Debtor's motion to compel abandonment of the Property at this time. The Trustee is in the process of evaluating the Property and is considering whether there will be an objection to the homestead exemption claimed by the Debtor. As a result, it is not clear whether the Property is

MEMORANDUM OF DECISION - 7

of "inconsequential value" or "inconsequential benefit" to the bankruptcy estate. At this time, an order compelling abandonment of the Property would be premature, particularly considering the legal standards governing such a motion. Nevertheless, the Court will consider a later filed motion to compel abandonment, if necessary, as the value of the Property to the bankruptcy estate becomes clearer.

### d. Law Related to § 327(a) Engagements and § 105(a) Injunctions

Under § 327 the trustee, with court approval, may employ professionals to assist the trustee in carrying out his duties so long as the person to be engaged does not hold an interest adverse to the estate and is disinterested. § 327(a).

A "disinterested person" is

> a person that—(A) is not a creditor, an equity secured holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

§ 101(14).

Importantly, "employment of a realtor is a preliminary step," which is not the equivalent of the bankruptcy court approving a sale of the real property. *In re Greenfield*, 623 B.R. 847, 857 (Bankr. D. Idaho 2020). Instead, any proposed sale of real property would also need to come before the bankruptcy court for approval, and such request is subject to an objection by interested parties, including the debtor. *Id.*

Section 105(a) of the Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a). This provision has been invoked to seek an injunction. *See, e.g.*, *Solidus Networks, Inc. v. Excel Innovations (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1093 (9th Cir. 2007) (discussing the

MEMORANDUM OF DECISION - 8

§ 105(a) standard with respect to injunctions). The standard for granting an injunction is under the "usual preliminary injunction standard," of (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the relief is not granted; (3) a balance of hardships between the parties; and (4) advancement of the public interest. *Id.* at 1093.

Moreover, a party seeking an injunction generally must commence an adversary proceeding in order to effectuate the injunction. *See* Rule 7001(g) (stating an adversary proceeding must be filed to pursue an injunction); *see also In re Greenfield*, 623 B.R. at 857-58 (holding that a motion to stay the trustee from "taking steps to sell property of the estate" is "procedurally improper" and instead requires an adversary proceeding to be filed).

### e. Application of the Law of § 327 and § 105(a) to this Case

Here, the Debtor's concerns over the employment of the Realtor do not stem from the actual employment but rather the implication of a forthcoming sale of the Property. Such a reason is insufficient to halt employment, because the requirements of § 327(a) are met. Moreover, there is no indication in this case that the Realtor is not a "disinterested person," as that term is defined under § 101(14), or is otherwise disqualified from acting as a professional in the case. The Trustee's early identification of the Realtor as his realtor does not cause the Realtor to be disqualified from engagement in the case. The Court is unaware of any prohibition under the Code or applicable case law that would prohibit a trustee from engaging a professional whom the trustee had previously engaged in other matters, so long as the professional meets the requirements of § 327 and the applicable Rules in each new engagement.

The Trustee has not pursued sale of the Property at this time, and any sale by the Trustee in the future would require the Court's approval under § 363 after notice to the Debtor and creditors. In addition, in the case of a co-owner (*i.e.* Ms. LaDue), which appears to be an issue

MEMORANDUM OF DECISION - 9

present in this case, the Trustee may be required to file an adversary proceeding to ultimately gain this Court's approval to sell the Property. *See, e.g.*, § 363(h) (listing the requirements to be established for a trustee to sell co-owned property); Rule 7001(c) (stating such an action requires an adversary proceeding to be filed).

Based on this analysis, there are still steps to be taken before the sale of the Property may be approved. The preliminary step of hiring the Realtor in this case is just the first of those and it is appropriately ordered now on this record. With the assistance of the Realtor, the Trustee will be able to fully evaluate the Property to determine whether to market and seek approval of the sale of the Property. Pursuant to the Application, and as acknowledged by the Trustee at the hearing, the bankruptcy estate will not have to pay anything to the Realtor unless and until the Realtor successfully markets and a sale of the Property is approved by this Court. Additionally, the Realtor will not be paid unless the Court approves an application to pay the Realtor, as required under § 330. As such, employing the Realtor, even if there is a question about the equity available to the bankruptcy estate at this time, will not cause an expense to the bankruptcy estate if the sale is ultimately not completed.

As such, the Debtor's objection to the Application is overruled and the Application is approved.

Of particular note, however, the Debtor and Ms. LaDue have indicated that their son has special health concerns and conditions and that the disturbance by the Trustee and the Realtor being in the Property in an attempt to market and sell the Property could cause issues for their son's wellbeing. The Court takes these issues seriously and expects that the Realtor and the Trustee will accommodate the reasonable requests by the Debtor and Ms. LaDue to avoid, as much as possible, disruption to this child in marketing or evaluating the Property. To the extent

MEMORANDUM OF DECISION - 10

that a dispute arises over these issues, the parties should bring those matters to the Court for determination.

Finally, the Court concludes under the § 105(a) analysis that the Debtor has not made a showing that an injunction should be issued to stop the Realtor from proceeding in this case. Again, the Realtor's employment and actions taken after employment are preliminary and typical in bankruptcy cases such as this one.  Moreover, Debtor's submissions do not meet the requirements of the "usual preliminary injunction" standard, nor is this matter on the correct procedural footing for the issuance of any injunction.  As such, the Court declines to order an injunction to prevent the Realtor from being employed or taking steps to evaluate and ultimately market and attempt to sell the Property should the Trustee determine such action is appropriate in the exercise of his informed business judgment.  Again, the Court is not approving a sale of the Property at this stage, but is simply authorizing the Realtor's engagement by the Trustee to permit the Realtor to proceed as appropriate as a professional engaged by the Trustee.

2. <u>Removal of Trustee for Cause (11 U.S.C. § 324) and Finding of Negligence and Breach of Fiduciary Duty</u>

The Debtor seeks removal of the Trustee pursuant to § 324.  The Debtor claims, among other things, that he has not been properly served in this case by the Trustee, that the Trustee has listed in § 341(a) meeting minutes that he was a "no show" despite the Trustee telling the Debtor he need not appear at those continued hearings, that the Trustee has threatened a Rule 2004 examination of he and his ex-spouse due to the Trustee finding them "uncooperative," and that the Trustee kept from the Debtor Zoom "usage reports" from the § 341(a) meetings that were conducted.

Relatedly, the Debtor states that these actions should also be found as negligence and a breach of the fiduciary duty by the Trustee.

MEMORANDUM OF DECISION - 11

Section 324 provides that a trustee may be removed by the Court only "for cause." Cause is determined on a case-by-case basis after notice and hearing. *Dye v. Brown (In re AFI Holding, Inc.)*, 530 F.3d 832, 845 (9th Cir. 2008). Although non-exhaustive, some forms of "cause" for removal "may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate." *Id.* However, many courts have held that the trustee will not be removed absent actual fraud or injury. 3 COLLIER ON BANKRUPTCY ¶ 324.02[2]. Courts primarily consider that if the estate "would suffer more from the discord created by the present trustee than would be suffered from a change of administration, the removal of the trustee is necessarily the better solution." *In re AFI Holding, Inc.*, 530 F.3d at 846.

As stated, the Debtor asserts the trustee should be removed for misrepresentation of the attendees in the §341 meeting of creditors, miscommunication of the §341 meeting dates, attempting to portray the debtor as non-compliant through his "no shows," improperly serving the Debtor at the wrong address, impartiality by seeking employment of "my" realtor, withholding a Zoom "usage reports," and using a Rule 2004 examination as a threat. At the hearing on the Omnibus Motion, the Debtor withdrew his request for the Zoom "usage reports." As the Court stated during the hearing, the Court does not know if those reports are created or exist. But, in any event, a § 341(a) meeting is generally a public proceeding where parties are able to attend and listen and the participants are not required to disclose their appearance at the meeting. Ultimately, the actions complained of by the Debtor do not rise to the level necessary for a finding of fraud or injury or otherwise meet the standard for removal under § 324. The Court therefore denies the Debtor's request to remove the Trustee in this case. The Court also

MEMORANDUM OF DECISION - 12

declines to find that the Trustee has been negligent or has breached his fiduciary duty in this case on these facts.

### 3. Protective Order Staying Rule 2004 Examination and Property Sale

Finally, the Debtor seeks a protective order staying a future Rule 2004 examination, as has been mentioned by the Trustee, and the sale of the Property.

A Rule 2004 Examination allows inquiry into the debtor's acts, conduct, or property; liabilities and financial condition; matters affecting the administration of the debtor's estate; or the debtor's right to discharge.  Rule 2004(b)(1).  A debtor may be examined by a trustee under § 343.  The party seeking the examination bears the burden of showing "good cause," that such examination is necessary and denial would cause undue hardship or injustice.  *Lee v. Field (In re Lee)*, 2021 WL 2283910 at *4 (9th Cir. BAP June 3, 2021).  Further, a court may deny a Rule 2004 examination where the purpose is abuse or harassment.  *Id*. at *3.

The Debtor seeks to preemptively prevent a Rule 2004 Examination not yet pursued by the Trustee.  In the event the Trustee does seek a Rule 2004 examination, the Trustee must demonstrate "good cause," and the Debtor, or any other target of such an examination, has the opportunity to object.  LBR 2004-1.

In addition, and on the same line of reasoning, a sale of the Property has not been brought to this Court for approval.  Any sale of the Property is required to be approved by the Court, and parties in interest, including the Debtor, will have an opportunity to object to that sale.

Based on the foregoing, the Court will not preemptively order that a Rule 2004 examination may not be taken nor will the Court stay the Trustee's efforts to sell the Property, to the extent that the Trustee determines it appropriate to do so.  Again, any such sale will need to be brought to this Court for its approval, and the Debtor or other parties in interest will be given

MEMORANDUM OF DECISION - 13

the opportunity to object if they wish.

### C. The Application

As analyzed above, the Application is granted, and the Debtor's objections thereto are overruled.

### V. CONCLUSION

Based on the above analysis, the remaining requests of the Omnibus Motion are denied, and the Application is granted.

A separate order will be entered on the Omnibus Motion. The Trustee shall submit a proposed order granting the Application.

DATED: February 13, 2026

_____
Brent R. Wilson
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 14